JIM FORK COAL COMPANY *v.* RHOTENBERRY.

Opinion delivered February 23, 1931.

*John W. Goolsby,* for appellant.

*Earl Dunn* and *George W. Dodd,* for appellee.

McHANEY, J.   Appellee, a coal miner, received personal injuries by the falling of a rock in an entry in the mine of appellant, in which he was working, and brought this action against it to recover damages therefor.   He alleged negligence of appellant in failing to furnish props or timbers with which to support and safeguard the roof of the entry in which he was working, within a reasonable time after demand was made therefor by him.   The case was tried to a jury which resulted in a verdict and judgment against appellant for $900.

For a reversal of the judgment against it, appellant first says the court erred in permitting the following question to be asked appellee: "Q.   Describe the rock that fell from the roof and the cause of its falling.   First, I will ask you, on the day of the injury did you request props and timbers?"   Objection was made to the question on the ground that it was leading.   The court permitted the witness to answer that he did ask for timbers. The above question could hardly be classed as leading, as it did not suggest the answer.   The witness might have answered it yes or no.   But, even if it were leading, it was not prejudicial, as all the appellee's evidence was to the effect that he did demand props, and that they were promised him but not delivered.   *Southern Cotton*

*Oil Co.* v. *Campbell,* 106 Ark. 379, 153 S. W. 256. Such matters rest largely in the discretion of the trial court.

Appellee was also allowed to testify, over objections of appellant, that he ordered props sent down on Friday, Saturday and Monday, the day he was injured, and that some two or three were sent down on Friday, but that another workman in the mine, one Wooten got them. This testimony was competent as tending to show that props were demanded by appellee.

The other assignments of error urged relate to instructions 1 and 2 given by the court at the request of appellee and over appellant's specific objections. We do not set them out and discuss them separately as no good purpose could be served thereby. The court gave all instructions asked by appellant, except one, which was peremptory, and we think fully and fairly instructed the jury. The principal question was one of fact, that is, whether appellee had ordered props which appellant neglected to furnish, and whether the rock that fell and injured appellee was one that should have been propped, or should have been taken down. There is no question about the fact of appellee's injury, or the extent and nature thereof, nor the amount of the verdict. The instructions being correct, and the evidence being ample to support the verdict, the judgment must be affirmed.

It is so ordered.